```
Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
(907) 451-9385
sparkslawoffice@yahoo.com
Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| SAMUEL ISAACSON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| WALMART INC. | ) COMPLAINT: FMLA, ADA, AND TITLE VII VIOLATIONS |
| Defendant. | ) |

Case No.

## COMPLAINT

COMES NOW Plaintiff, Samual Isaccson, and for his Complaint against the Defendant Walmart Inc. (hereinafter "Walmart") alleges as follows:

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff Isaccson assets his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues in this case.

1. Plaintiff Isaccson brings this action against his former employer, Walmart to correct unlawful employment practices for discrimination against Plaintiff Isaccson based upon Plaintiff exercising his rights under the Family and Medical Leave Act ("FMLA") and for discrimination and reprisal under Title VII of

Isaccson v. Walmart Inc.
page 1

the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 for race (Jewish), religion (Jewish) and national origin (Jewish) discrimination and under the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12, for discrimination based on Plaintiff because of his protected disability. Defendant Walmart interfered with Plaintiff's rights under the FMLA and fired him in substantial part for invoking the FMLA process. Defendant interfered and retaliated against Plaintiff's exercise of his rights under the ADA by firing Plaintiff because of his protected disability. Defendant Walmart also interfered with Plaintiff's rights under Title VII and was motivated to terminate Plaintiff's employment because of his Jewish heritage and religion.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 USC §1331 for federal question jurisdiction.

3. Defendant Walmart's actions described herein occurred in the District of Alaska and at all relevant times, the parties did business in the State of Alaska.

### Parties

4. Plaintiff was employed full-time by Defendant Walmart for over seven years in its Florida location. Plaintiff transferred to the Fairbanks, Alaska, location at 537 Johansen Expressway on or about October 2022, to continue his duties as a manager. At all relevant times, Plaintiff Isaccson was a resident of Alaska and worked in Alaska in the Fairbanks North Star Borough.

5. Plaintiff Isaccson requested a medical leave of absence covered under the FMLA during 2023, which was approved.

Isaccson v. Walmart Inc.
page 2

Plaintiff was subsequently terminated by Defendant Walmart before his leave of absence had completed.

6. Defendant Walmart is an Alaska state licensed and registered corporation, that at all material times, employed Plaintiff and had greater than 50 employees. At all relevant times, all employees of Walmart were acting within the course and scope of their employment.

**Administrative Exhaustion**

7. Plaintiff filed a complaint with the State of Alaska Commission for Human Rights on or about August 25, 2023, against Defendant Walmart alleging disability discrimination. Plaintiff received a Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission on or about January 19, 2024. Plaintiff Isaccson's Title VII claims that his termination was motivated by his Jewish heritage and religion were closely related to and would have been within the scope of an administrative investigation of his original Alaska Commission for Human Rights/EEOC charge.

**Statement of Facts**

8. At all times relevant herein, Defendant Walmart has and continues to operate retail stores located and licensed within the State of Alaska.

9. Plaintiff at all relevant times worked at Defendant Walmart's Fairbanks Superstore. Plaintiff was on FMLA protected medical leave from Walmart during part of the Spring of 2023 due to a flare up of Plaintiff's protected disability - epilepsy.

10. Plaintiff requested an extension of his medical leave from Walmart, through its agent Sedgwick, on or about May 26,

Isaccson v. Walmart Inc.
page 3

2023. In an email from Sedgwick, Defendant Walmart's administrator for its medical leave program, dated June 5, 2023, Sedgwick stated that it had received Plaintiff's request for extension of his leave of absence. The Sedgwick email dated June 5, 2023, stated that Plaintiff's leave was approved through July 15, 2023. The Sedgwick email dated June 5, 2023, stated that Plaintiff had until June 25, 2023 to submit additional evidence to support his extended leave request.

11. On or about June 5, 2023, Plaintiff also received a text from his supervisor stating that his employment with Walmart had been terminated for "job abandonment".

12. In an email from Sedgwick, Defendant Walmart's administrator for its medical leave program, dated June 6, 2023, Sedgwick informed Plaintiff that his leave request had been closed, because he was no longer employed with Defendant Walmart as of June 5, 2023.

13. At the time that Defendant Walmart discharged Plaintiff Isaccson, Plaintiff had 20 days remaining to submit additional medical evidence to Defendant Walmart and Plaintiff had at least 40 days of FMLA leave remaining.

14. At all relevant times, Defendant Walmart through its employees and its authorized medical leave agent, Sedgwick, knew or should have known that Plaintiff was taking time off due to his protected disability and medical condition and for his need to be on FMLA medical leave.

15. Defendant Walmart terminated Plaintiff Isaccson's employment on or about June 5, 2023.

### Count I FMLA Violation

Isaccson v. Walmart Inc.
page 4

16. Plaintiff Isaccson realleges and incorporates by reference the allegations in paragraphs 1 - 15, above.

17. Plaintiff, at all material times, was an employee under the FMLA who qualified for FMLA leave under 29 USC §2611.

18. Defendant Walmart, at all material times, was an employer covered under 29 USC §2611(4)(A)(I).

19. Plaintiff Isaccson took time off due to his medical condition as alleged in paragraphs 9- 10 above. At all times relevant herein Defendant Walmart through its employees and authorized medical leave agent, Sedgwick, knew or reasonably should have known that Plaintiff was taking time off due to his medical condition and his need to be on FMLA medical leave.

20. Plaintiff's serious medical condition, epilepsy, was one to which he was entitled under FMLA to take time off without employer reproach.

21. Defendant Walmart, though its employees and or agents, retaliated, interfered with, reprised and discriminated against Plaintiff for taking medical leave in one or more of the following ways:

    a. by failing to properly apply its absentee policy to Plaintiff Isaccson.

    b. by treating some or all of Plaintiff's absences in May and June 2023, as non-FMLA events when Defendant knew or reasonably should have known Plaintiff Isaccson's leave for that time period had been approved by its agent Segwick because of Plaintiff's medical condition.

    c. by terminating Plaintiff's employment on or about June 5, 2023, due to his FMLA qualifying absences due to Plaintiff's

medical condition.

22. Defendant Walmart's actions violated Plaintiff's rights under the FMLA.

23. Plaintiff is entitled under 29 USC §2617(a)(1)(A)(i)(I) to recover his economic losses consisting of lost income, past and future, benefits and perquistes arising from Defendant Walmart's violation of the FMLA by terminating his employment while Plaintiff was on qualifying FMLA leave for his medical condition.

24. Plaintiff Isaccson is entitled to an additional damages amount equal to his economic losses under 29 USC §2617(a)(1)(A)(ii) in liquidated damages.

25. Plaintiff is also entitled to recover his litigation costs and attorney's fees under 29 USC §2617(a)(3).

### Count II Violation of ADA

26. Plaintiff Isaccson realleges and incorporates by reference the allegations in paragraphs 1 - 25, above.

27. Defendant Walmart's termination of Plaintiff Issacson's employment with Walmart on or about June 5, 2023, was a violation of the ADA, because Plaintiff Isaccson was a qualified individual with a disability and the termination was motivated by Walmart's knowledge and awareness of Plaintiff's serious medical condition - epilepsy.

28. As a proximate result of the termination of Plaintiff's employment by Defendant Walmart on or about June 5, 2023, Plaintiff has incurred lost income, past and future, back pay, front pay, lost benefits, past and future, and perquistes arising from Defendant Walmart's violation of the ADA.

29. As a result of Defendant's termination of Plaintiff's employment, Plaintiff Isaccson has suffered depression, stress, financial worry, anxiety, loss of enjoyment of life, sleeplessness, humiliation and loss of self esteem, in addition to his economic damages, in an amount to be proven at trial.

30. Defendant Walmart's actions as alleged above were performed in a wilful, wanton and/or reckless disregard of Plaintiff's rights or general welfare. Plaintiff will seek recovery of exemplary damages in an amount to be proven at trial.

31. Plaintiff is further entitled to recovery of his attorney's fees, expert witness costs and other litigation costs under the ADA.

## Count III Title VII Discrimination

32. Plaintiff Isaccson realleges and incorporates by reference the allegations in paragraphs 1 - 31, above.

33. Defendant Walmart's agent's termination of Plaintiff Isaccson's employment on June 5, 2023, was motivated by his status as a Jewish person, in violation of Title VII's prohibition against national origin and religious discrimination.

34. As a proximate result of the termination of Plaintiff's employment by Defendant Walmart on or about June 5, 2023, Plaintiff has incurred lost income, past and future, back wages, front pay, lost benefits, past and future, and perquistes arising from Defendant Walmart's violation of Title VII.

35. As a result of Defendant's discriminatory termination

of Plaintiff's employment, Plaintiff Isaccson has suffered depression, stress, financial worry, anxiety, loss of enjoyment of life, sleeplessness, humiliation and loss of self esteem, in addition to his economic damages, in an amount to be proven at trial.

36. The acts of discrimination to which Plaintiff was subjected by Defendant Walmart and its agents, employees and supervisory employees, were willful, malicious, oppressive, outrageous and done in bad faith and in reckless disregard of the rights of Plaintiff Isaccson, so as to entitle Plaintiff Isaccson to an award of punitive damages against Defendant Walmart, in an amount to be proven more specifically at trial.

37. Plaintiff is further entitled to recovery of his attorney's fees, expert witness costs and other litigation costs under Title VII.

### COUNT IV (Injunctive Relief)

38. Plaintiff Isaccson reaffirms and realleges the allegations in paragraph 1 - 37 and further complains against the Defendant Walmart as follows:

39. Plaintiff Isaccson requests injunctive relief against Defendant Walmart as follows:

A. Ordering Defendant Walmart to remove all derogatory information and documents, including but not limited to Plaintiff Isaccson's termination documents from June 2023 and all related documents from Plaintiff's personnel file;

B. Ordering Defendant Walmart to limit any verbal or written reports regarding Plaintiff's reason for leaving employment as "quit on mutually agreeable terms".

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Samuel Isaccson, prays that judgment be entered against the Defendant Walmart Inc. as follows:

1. For violation of the FMLA by Walmart and its agents and employees, and for wilful violation of the FMLA by Walmart and its agents and employees, by termination of Plaintiff Isaccson while he was on qualified medical leave for his medical condition and for wilful violation of the FMLA an award of liquidated damages in an amount equal to Plaintiff's economic damages.

2. For violation of the ADA by Walmart and its agents and employees, by termination of Plaintiff Isaccson motivated by his medical condition - epilepsy.

3. For violation of Title VII by Walmart and its agents and employees, for their termination of Plaintiff Isaccson motivated by his Jew faith and national origin.

4. For injunctive relief:

A. Ordering Defendant Walmart to remove all derogatory information and documents, including but not limited to the documents concerning Plaintiff's June 2023 termination of employment, from Plaintiff's personnel file.

B. Ordering Defendant Walmart to limit any verbal or written reports regarding Plaintiff's reason for leaving employment as "quit on mutually agreeable terms".

3. For award to Plaintiff of compensatory damages for back-pay, past lost income, future lost income, front pay, emotional distress, past and future, medical expenses, past and future, and incidental and consequential losses.

4. For award to Plaintiff of punitive damages against the Defendant in an amount to be proven at trial for violation of Title VII and/or the ADA or alternatively liquidated damages for wilful violation of the FMLA.

5. For an award to Plaintiff of his reasonable costs, interest and attorney's fees as permitted by Title VII of the Civil Rights Act of 1964.

6. For an award to Plaintiff of such other relief as the court deems just and equitable in the premises.

DATED this 15th day of April, 2023, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

_____
Robert A. Sparks
Attorney for Plaintiff
Samuel Isaccson
Membership No.: 8611139