IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMUEL ISAACSON,<br><br>        Plaintiff,<br>  v.<br><br>WALMART, INC.,<br><br>        Defendant. | Case No. 4:24-cv-00013-SLG |

## ORDER ON MOTION TO DISMISS

Before the Court at Docket 12 is Defendant Walmart, Inc.'s ("Walmart") Rule 12(b)(6) Motion to Dismiss Count III of Plaintiff's Amended Complaint. Plaintiff Samuel Isaacson responded in opposition at Docket 17, and Walmart replied at Docket 18. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

This is an employment discrimination case arising out of Mr. Isaacson's termination from his position as a manager at Walmart in Fairbanks, Alaska. Mr. Isaacson alleges that he was a full-time manager at a Walmart location in Florida for over seven years before he transferred to a Fairbanks Walmart in October 2022.[1] Mr. Isaacson further alleges that, in 2023, he requested a medical leave of

---

[1] Docket 5 at ¶ 4.

absence under the Family Medical Leave Act ("FMLA") due to a flare up of epilepsy, which Walmart approved.[2] On May 26, 2023, Mr. Isaacson requested an extension of this leave from Walmart, through its agent Sedgwick, a claims processing company.[3] In an email dated June 5, 2023, Sedgwick stated that Mr. Isaacson's extension was approved through July 15, 2023, but that Mr. Isaacson was to submit additional evidence to support his extended leave request by June 25, 2023.[4]

However, on June 5, 2023, the same day Sedgwick appeared to approve the extended leave, Mr. Isaacson's supervisor sent him a text message notifying him that he had been terminated from his employment at Walmart for "job abandonment."[5] The following day, June 6, 2023, Sedgwick emailed Mr. Isaacson to notify him that his leave request had been closed because he was no longer employed with Walmart.[6]

Based on these allegations, Mr. Isaacson filed a charge of discrimination with the Alaska State Commission for Human Rights ("ASCHR") in August 2023.[7] On January 19, 2024, Mr. Isaacson "received a Dismissal and Notice of Rights

---

[2] Docket 5 at ¶¶ 5, 9.

[3] Docket 5 at ¶¶ 10, 12.

[4] Docket 5 at ¶ 10.

[5] Docket 5 at ¶ 11.

[6] Docket 5 at ¶ 12.

[7] Docket 5 at ¶ 7.

Case No. 4:24-cv-00013-SLG, *Isaacson v. Walmart, Inc.*
Order on Motion to Dismiss
Page 2 of 10
Case 4:24-cv-00013-SLG    Document 30    Filed 12/31/24    Page 2 of 10

from the U.S. Equal Employment Opportunity Commission . . . ."[8] Mr. Isaacson then initiated this lawsuit and asserted claims for violations of the FMLA, 29 U.S.C. § 2611 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12111 et seq., and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.[9] In Count III of his Amended Complaint, Mr. Isaacson alleges that "Defendant Walmart's agent's termination of Plaintiff Isaacson's employment on June 5, 2023, was motivated by his status as a Jewish person, in violation of Title VII's prohibition against national origin and religious discrimination."[10]

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual

---

[8] Docket 5 at ¶ 7.

[9] Docket 5 at ¶¶ 16–37.

[10] Docket 5 at ¶ 33.

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Case No. 4:24-cv-00013-SLG, *Isaacson v. Walmart, Inc.*
Order on Motion to Dismiss
Page 3 of 10
Case 4:24-cv-00013-SLG    Document 30    Filed 12/31/24    Page 3 of 10

allegations."[12] Upon dismissal, leave to amend should be given freely, unless amendment would be futile.[13]

## DISCUSSION

Walmart moves to dismiss Count III of Mr. Isaacson's Complaint—his Title VII claim—on two bases. First, Walmart asserts that Mr. Isaacson did not administratively exhaust a claim of discrimination based on his Jewish faith because he did not mention his religion in his charge to the ASCHR.[14] Second, Walmart contends that Mr. Isaacson's Amended Complaint lacks factual allegations that suggest anyone at Walmart knew of his religious beliefs.[15]

Mr. Isaacson acknowledges that his "religion and national origin discrimination claims were not included in his ASCHR/EEOC charge" but maintains that these claims are reasonably related to those he alleged in the discrimination charge.[16] He asserts that "in the present case, allowing Plaintiff Isaccson [sic] to include Jewish national origin and Jewish religious discrimination, as additional bases for his discriminatory termination does not significantly change the scope of the factual allegations underlying his complaint."[17] Further, Mr.

---

[12] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[13] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

[14] Docket 12 at 4–5.

[15] Docket 12 at 5–6.

[16] Docket 17 at 3.

[17] Docket 17 at 4–5.

Case No. 4:24-cv-00013-SLG, *Isaacson v. Walmart, Inc.*
Order on Motion to Dismiss
Page 4 of 10
Case 4:24-cv-00013-SLG   Document 30   Filed 12/31/24   Page 4 of 10

Isaacson maintains that he "has pled factual content that allows the court to draw reasonable inferences that the defendant Walmart is liable for the misconduct (wrongful termination) alleged . . . ."[18]

### I. Mr. Isaacson Likely Did Not Administratively Exhaust a Claim Reasonably Related to Discrimination on His Faith.

Title VII declares unlawful employment practices that discriminate against an individual "because of such individual's race, color, religion, sex, or national origin."[19] And it provides a private right of action to individuals who suffer such discrimination.[20] Before a claimant may sue, however, he must exhaust his administrative remedies by filing a complaint with the Equal Employment Opportunity Commission or an equivalent state agency and either receive a right-to-sue letter or allow a specified time to elapse.[21]

Exhaustion of administrative remedies is not jurisdictional in Title VII cases.[22] Nonetheless, "[i]ncidents of discrimination not included in an [agency] charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the [agency] charge."[23] The

---

[18] Docket 17 at 6.

[19] 42 U.S.C. § 2000e-2(a).

[20] *Id.* § 2000e-5(f).

[21] *Id.* § 2000e-5(e)(1), (f)(1).

[22] *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 550 (2019) ("Title VII's charge-filing requirement is not of jurisdictional cast.").

[23] *Green v. L.A. Cnty. Superintendent of Schs.,* 883 F.2d 1472, 1475-76 (9th Cir. 1989) (internal

Case No. 4:24-cv-00013-SLG, *Isaacson v. Walmart, Inc.*
Order on Motion to Dismiss
Page 5 of 10
Case 4:24-cv-00013-SLG   Document 30   Filed 12/31/24   Page 5 of 10

exhaustion requirement is met with respect to "all allegations of discrimination that either fell within the scope of the [agency's] *actual* investigation or an [agency] investigation which *can reasonably be expected* to grow out of the charge of discrimination."[24] Additionally, courts construe E.E.O.C. charges with "utmost liberality."[25] "Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies is an affirmative defense, so the defendant bears the burden of pleading and proving it."[26]

The charge of discrimination Mr. Isaacson filed with the ASHRC focuses exclusively on his physical disability and does not mention his Jewish faith.[27] Therefore, discrimination based on Mr. Isaacson's Jewish faith is not likely "reasonably related" to the allegations of disability discrimination in the charge because the factual allegations therein would not have put an investigating agency on notice of Mr. Isaacson's religion and would not have resulted in an investigation that encompassed religious discrimination. Although an investigation would have

---

quotation marks and citations omitted).

[24] *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (emphasis in original) (internal quotation marks and citations omitted).

[25] *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (citations omitted); *see Yamaguchi v. U.S. Dep't of the Air Force,* 109 F.3d 1475, 1480 (9th Cir. 1997).

[26] *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) (internal quotation marks and alteration omitted).

[27] Docket 26-1 ("I believe I was discriminated against based on my physical disability."); *see also United States v. Corinthian Colls.*, 655 F.3d 984, 993 n.4 (9th Cir. 2011) ("A district court may consider documents referenced by the Complaint without converting a 12(b)(6) motion to one for summary judgment."); Docket 5 at ¶ 7 (referencing Mr. Isaacson's charge of discrimination).

Case No. 4:24-cv-00013-SLG, *Isaacson v. Walmart, Inc.*
Order on Motion to Dismiss
Page 6 of 10
Case 4:24-cv-00013-SLG   Document 30   Filed 12/31/24   Page 6 of 10

broadly sought information about the circumstances of Mr. Isaacson's termination, it would not likely have sought information related to a previously unmentioned basis for the termination.

Defendants filed documents that support a finding that the agency investigation of Mr. Isaacson's discrimination charge did not touch upon his Jewish faith, despite the investigator's open-ended inquiries. However, in ruling on a motion to dismiss, the Court must only consider the Complaint and charge filed with the ASHCR referenced therein. It may be that other evidence produced at summary judgment indicates that the agency investigation swept more broadly or included information reasonably related to Mr. Isaacson's claims of discrimination on the basis of his Jewish faith. Therefore, Walmart's motion to dismiss is denied with respect to exhaustion without prejudice to Walmart renewing this affirmative defense at summary judgment.[28]

### II. Mr. Isaacson Fails to State a Claim of Discrimination on the Basis of his Jewish Faith.

In addition to exhausting his Title VII claim, Mr. Isaacson must adequately plead it. The Complaint fails to adequately state a claim that Walmart discriminated against Mr. Isaacson on the basis of his Jewish faith, which he asserts as both a claim of discrimination based on national origin and a claim

---

[28] *See* Docket 18 at 4 n.3 ("To the extent the Court believes consideration of the agency file requires converting this motion to one for summary judgment, Walmart requests the opportunity to move for summary judgment again after further discovery in this matter should the Court not dismiss Count III at this juncture.").

Case No. 4:24-cv-00013-SLG, *Isaacson v. Walmart, Inc.*
Order on Motion to Dismiss
Page 7 of 10
Case 4:24-cv-00013-SLG   Document 30   Filed 12/31/24   Page 7 of 10

based on religion.[29] Title VII declares it unlawful for an employer "to discharge any individual . . . because of such individual's . . . religion."[30] To establish a *prima facie* case of religious discrimination, a plaintiff must show that: "(1) [he] had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) [he] informed [his] employer of the belief and conflict; and (3) the employer threatened [him] or subjected [him] to discriminatory treatment, including discharge, because of [his] inability to fulfill the job requirements."[31] Additionally, to establish *prima facie* case of discrimination based on national origin, a plaintiff must allege (1) he belongs to a protected class, (2) he was qualified for his job, (3) he suffered an adverse employment action, and (4) similarly situated individuals outside the protected class were treated more favorably, or other circumstances surrounding the adverse employment action lead to an inference of discrimination.[32]

> While a plaintiff need not plead facts constituting all elements of a prima facie employment discrimination case in order to survive a Rule 12(b)(6) motion to dismiss, courts nevertheless look to those elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for

---

[29] Docket 5 at ¶ 33.

[30] 42 U.S.C. § 2000e-2(a)(1).

[31] *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998).

[32] *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (discussing the general requirements of a *prima facie* case that supports a Title VII employment discrimination claim).

Case No. 4:24-cv-00013-SLG, *Isaacson v. Walmart, Inc.*
Order on Motion to Dismiss
Page 8 of 10
Case 4:24-cv-00013-SLG   Document 30   Filed 12/31/24   Page 8 of 10

relief that is plausible on its face.[33]

For a claim to be plausible, it cannot be premised on conclusory statements, unwarranted inferences, or "[t]hreadbare recitals of the elements of a cause of action."[34] Rather, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35]

Here, Mr. Isaacson's sole allegation related to his religion is that "Defendant Walmart's agent's termination of Plaintiff Isaacson's employment on June 5, 2023, was motivated by his status as a Jewish person . . . ."[36] This is a conclusory statement, not a factual allegation, and therefore does not allow the Court, in light of judicial experience and common sense, to conclude that Mr. Isaacson has stated a plausible claim pursuant to Title VII. However, Mr. Isaacson's Title VII claim may not be futile because further allegations with respect to discrimination on the basis of his Jewish faith could cure his deficient pleading. Accordingly, Mr. Isaacson may file an Amended Complaint seeking to rectify this deficient claim **within 14 days of the date of this order** or notice that he intends to proceed solely on Claims I and II.

---

[33] *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015) (citing *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012)).

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[35] *Id.*

[36] Docket 5 at ¶ 33.

Case No. 4:24-cv-00013-SLG, *Isaacson v. Walmart, Inc.*
Order on Motion to Dismiss
Page 9 of 10
Case 4:24-cv-00013-SLG   Document 30   Filed 12/31/24   Page 9 of 10

## CONCLUSION

For the foregoing reasons, Walmart's Rule 12(b)(6) Motion to Dismiss Count III of Plaintiff's Amended Complaint is GRANTED. Count III of the Amended Complaint—Mr. Isaacson's claim of discrimination pursuant to Title VII—is DISMISSED WITHOUT PREJUDICE. Mr. Isaacson may file an amended complaint **within 14 days of the date of this order**.

DATED this 31st day of December, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:24-cv-00013-SLG, *Isaacson v. Walmart, Inc.*
Order on Motion to Dismiss
Page 10 of 10
Case 4:24-cv-00013-SLG   Document 30   Filed 12/31/24   Page 10 of 10